## STATE *v.* FELIX LENARES.

The Judge has the right to assume, in his instructions to the jury, a hypothetical state of facts, and say to the jury, if they believe such a state of facts to be proved, that it amounts to a commission. of the crime or offence charged.

But the jury are the sole judges of the facts, and, under the instruction of the court, they have the right to say whether the offence charged is a violation of the statute or not.

APPEAL from the District Court of East Baton Rouge, *Robertson,* J. *E. W. Moïse,* Attorney General, for the State. *R. G. Beale,* for defendant and appellant.

VOORHIES, J. This appeal is brought up by the defendant, who was convicted of the offence of keeping a banking game, and sentenced to pay a fine of $1000, and the costs of prosecution.

He complains that the Judge charged the jury on the facts of the case.

The Judge. charged "that the game of 'keno' was a banking game, according to the decision in the case of the *City* v. *Miller,* 7 A. 651." That the court and jury must be governed by the interpretation and definition given to the statute upon the game of "keno" being a banking game by that decision.

The statute on which the indictment was framed declares:

"Whoever shall keep a banking game, or banking house, at which money, or anything representing money, or any article of value, shall be bet or hazarded, or shall aid or assist in keeping one, shall, on conviction," &c.

The indictment in this case charges that the defendant "did keep, carry on and play a certain banking game called keno, at which money was bet and hazarded." Whether the game of keno is a banking game or not is a mixed question of law and fact. The Judge has the right to assume in his instructions to the jury a hypothetical state of facts, and say to the jury, if they believe such a state of facts to be proved, that it amounts to a banking game. But the jury are the sole judges of the fact, and, under the instruction of the court, they have the right to say whether the game played is a violation of the statute or not.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed, and the case be remanded for a new trial according to law.