## COMMONWEALTH *vs.* CHARLES D. SQUIRES.

Under Gen. Sts. *c*. 172, § 16, an indictment averring that " A., by force and against her will, violently and feloniously did ravish and carnally know B.," " an unmarried female," " A. being a married man and having a lawful wife alive other than B.," with proper averments of time and place, and a verdict thereupon " that the defendant had carnal knowledge of the body of the said B., as charged in the indictment, but without violence and not against her will," are sufficient to warrant a sentence for adultery.

In an indictment, the words " carnal knowledge " of a woman by a man imply sexual bodily connection.

INDICTMENT for rape, averring that on March 25, 1867, the defendant, with force and arms, at Deerfield, " in and upon one Margaret A. Morton, an unmarried female of the age of ten years and more, to wit, of the age of twelve years, violently and feloniously did make an assault, and her, the said Margaret A. Morton, then and there, by force and against her will, violently

and feloniously did ravish and carnally know ; he, the said Squires, then and there being a married man and then and there having a lawful wife alive other than the said Margaret A. Morton."

At the trial in the superior court, before *Devens*, J., the defendant, before the jury were sworn, moved to quash the indictment " for the reason that in said indictment two distinct and different offences, to wit, the crime of rape and the crime of adultery, are charged in one and the same count, the same being the only count in said indictment," but the judge overruled the motion. The case was then tried, and the jury, not finding the full charge proved, returned, under instructions from the judge, a verdict "that the defendant had carnal knowledge of the body of said Margaret A. Morton as charged in the indictment, but without violence and not against her will." To these instructions to the jury, and to the ruling of the judge on the motion to quash the indictment, the defendant alleged exceptions.

*S. O. Lamb*, for the defendant. The indictment, after striking out the portions of which the defendant was acquitted, does not substantially charge any crime. *Commonwealth* v. *Murphy*, 2 Allen, 163. The words " did carnally know " are not apt words to charge adultery or fornication. Davis Crim. Just. 295 474. Train & Heard Prec. 23, 233. 1 Chit. Crim. Law, 282. 4 Bl. Com. 306. *Moore* v. *Commonwealth*, 6 Met. 243. *Commonwealth* v. *Shaw*, 7 Met. 52.

*C. Allen*, Attorney General, for the Commonwealth, cited *Commonwealth* v. *Goodhue*, 2 Met. 193; *Commonwealth* v. *Drum,* 19 Pick. 479; *Commonwealth* v. *Squire*, 1 Met. 262; *Commonwealth* v. *Harney*, 10 Met. 425; 1 Bish. Crim. Law, § 807 *et seq.*, and cases cited.

GRAY, J. The Gen. Sts. *c.* 172, § 16, provide that " when a person indicted for a felony is on trial acquitted by the verdict of part of the offence charged, and convicted of the residue, such verdict may be received and recorded by the court, and thereupon the person indicted shall be adjudged guilty of the offence, if any, which appears to the court to be substantially charged by the residue of the indictment, and shall be sentenced

and punished accordingly." If a less offence is duly charged in the indictment, the case is within this provision, even if one of the elements alleged is not a necessary element of the greater offence. This is clearly shown by the decision of this court, under the corresponding provision of the Rev. Sts. *c.* 137, § 11, that a man charged with a rape on his daughter might be convicted of incest, although it was not necessary or material, in charging him with rape, to allege that she was his daughter. *Commonwealth* v. *Goodhue*, 2 Met. 193.

In *Commonwealth* v. *Murphy*, 2 Allen, 163, cited for the defendant, in which the verdict returned was similar to that in the present case, the indictment was in the common form of an indictment for rape, and did not allege that the person upon whom the offence was alleged to have been committed was not the lawful wife of the defendant. But so much of the indictment now before us, as has been found to be proved by the verdict of the jury, alleges that the defendant, being a married man and having a lawful wife alive, carnally knew an unmarried girl of the age of twelve years.

The only objection taken to this indictment is that it does not expressly allege that he had carnal knowledge of her body. But from very early times, in the law, as in common speech, the meaning of the words " carnal knowledge " of a woman by a man has been sexual bodily connection; and these words, without more, have been used in that sense by writers of the highest authority on criminal law, when undertaking to give a full and precise definition of the crime of rape, the highest crime of this character. *Rex* v. *Hugo*, 30 & 31 Edw. I. appx. 529, 532. *Nasegle* v. *Vide*, 11 Hen. IV. 13. Staunf. P. C. 81. 2 Inst. 180. 3 Inst. 60. 1 Hale P. C. 628. 1 East P. C. 434. 1 Russell on Crimes, (Greaves' ed.) 675.

In *Commonwealth* v. *Goodhue*, above cited, the indictment which the court held to contain " all the specifications of a charge of incest, to wit, that the defendant unlawfully had carnal knowledge of the body of his daughter," did not (as we find by referring to the files of the court) contain the words " of the body," or define the carnal knowledge otherwise than this in-

dictment does, but merely alleged that Moses Goodhue, on a certain day at Andover, " in and upon Olive Goodhue, of said Andover, spinster, and daughter of him the said Moses, violently and feloniously did make an assault, and her the said Olive Goodhue then and there feloniously did ravish and carnally know by force and against her will." That case cannot be distinguished in principle from this.

The defendant has therefore been duly accused and convicted of the crime of adultery, and may be sentenced for that crime under the Gen. Sts. *c.* 165, § 3.            *Exceptions overruled.*