## No. 11,127.

## THE STATE OF LOUISIANA VS. DAVID UNDERWOOD.

1. Refusal of the judge to postpone a trial on the ground of absence of witnesses will not be disturbed in this court unless a motion for continuance has been made in writing and accompanied by proper affidavit, showing diligence, materiality and ability to produce witness if continuance is granted.
2. When the verdict returned by the jury is defective and invalid, the court is authorized to instruct them again as to the form in which their verdict should be made, and to remand them for further deliberation.

State vs. Underwood.

APPEAL from the Twenty-first District Court, Parish of St Charles. Rost, J.

M. J. Cunningham, Attorney General, Gervais Leche, District Attorney, and J. L. Gaudet, for the State, Appellee.

Jules Reine for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J.   The record presents two bills of exception.   The first is taken to the action of the court in proceeding with the trial of the cause notwithstanding the defendant objected thereto on the ground that one of his witnesses was absent.

The record does not exhibit any motion or affidavit for continuance, and the judge in signing the bill affirmatively states that no such motion or affidavit was made.

This is fatal to the bill.   It has been well and constantly held that refusals by the judge a quo to postpone a trial will not be reviewed in this court unless a motion for continuance has been made in writing, accompanied by a proper affidavit.   State vs. Rountree, 32 An. 1144; State vs. Romero, 5 An. 25;  State vs. Benjamin, 7 An. 47.

Not only must there be such motion and affidavit, but the latter must show the materiality of the evidence, the diligence of the mover and that the attendance of the witness can be had at the time to which continuance is asked.   State vs. Duffy, 39 An. 419.   State vs. Williams, 36 An. 854.

The second bill was taken to the action of the judge in permitting the jury to amend the verdict.   The following is the statement of the judge:   " The jury handed in the indictment with the following verdict endorsed upon it:  ' Guilty of capital punishment.'   The court, at the suggestion of the district attorney, that this verdict was defective, instructed the jury as to the form of the verdict which they should render if they found the prisoner guilty, or guilty without capital punishment; whereupon the jury retired to their room, and being brought again into court and called, returned, through their their foreman, a verdict of ' Guilty;'  whereupon counsel for accused asked that the jury be polled, and every juror answered that that

was his verdict. The court in no manner, directly or indirectly, dictated to the jury or influenced them in the rendering of the above verdict.''

The action of the judge was entirely proper, and is sustained by all the authorities; the first verdict being defective and senseless. State vs. Harris, 39 An. 1105; State vs. White, 35 An. 96; State vs. Gilkie, Id. 53; State vs. Dirch, 34 An. 1134; 1 Bish. Cr. Proc., Sec. 1004; Wharton Cr. Pl., Secs. 751, 754.

If the verdict had been valid and responsive a different rule would apply. State vs. Johnson, 30 An. 921; 1 Bish. Cr. Proc., Sec. 1004.

Judgment affirmed.