## WIGHT. *et al.* *v.* COMMERCIAL BANK OF ALBANY.

1. When in the trial of a case against two persons it appears from the evidence that the undertaking sought to be enforced was, as to one of the persons, not entered into by him individually, but as the authorized agent of another, the case as to such person should have been nonsuited on his motion.
2. When a recovery is sought against a defendant for the breach of a contract by the terms of which the defendant undertook to collect for the plaintiff certain notes given as collateral to secure the payment of a debt of the bailee, no recovery can be had for a breach of that contract unless it be shown that the bailee has in fact collected a particular sum on such notes, or that by the exercise of reasonable diligence the bailee could have collected such notes, and by his failure to exercise that diligence the amount of the notes, or some part thereof, has been lost to the bailor.
3. The evidence in this case was not sufficient to warrant a verdict against either of the defendants for any particular sum which either of them had collected or had failed to collect by the want of proper diligence, whereby the same had been lost by the plaintiff. It was therefore error to direct a verdict against the defendants.

Submitted May 1,—Decided June 12, 1902.

Complaint. Before Judge Spence. Dougherty superior court. October 8, 1901.

*D. H. Pope & Son*, for plaintiffs in error.
*Jesse W. Walters*, contra.

LITTLE, J. The Commercial Bank of Albany instituted an action against Ed. L. Wight and J. M. Solina. Its petition alleged, that in 1896 it delivered to the defendants thirty chattel-mortgage notes, falling due September and October first of that year, aggregating $1,423.86, payable to J. M. Solina, agent, a list of which notes was attached to the petition; that these notes secured by mortgage were held by it as collateral to secure the payment of a certain promissory note due by Solina to the bank, for $1,875.83, a copy of which was attached; that Wight and Solina agreed to collect said notes when they became due and deliver the proceeds to the bank, to be applied to the payment of the note due by Solina to the bank, and in the event of their failure to collect them these notes were to be returned; that all of the notes were secured by mortgages on personal property, and were good and solvent notes; that defendants refused to pay over the proceeds of the notes so held, or to return the same to petitioner; that at the time of the agreement the defendant Wight was a director in the bank, and Solina was the

agent of a business in Baker county, which belonged to the wife of Wight, for whom defendant Wight was general agent, and had a general supervision of that business; and that the indebtedness of Solina to the bank arose from the transaction of that business, and the makers of the notes so held as collateral were customers of that business. The bank claimed to have thus been damaged in the sum of $1,423.86. The defendants answered and denied all of the paragraphs of the petition which alleged that they were indebted to the plaintiff. On the trial Ticknor, who was cashier of the plaintiff, was the only witness in the case, according to the record before us. Substantially, he testified as follows: The plaintiff held, as collateral to secure the note given by Solina, certain notes of the customers of Solina, as they appeared attached to the petition. This list of notes was made by defendant Wight, and the bank had the notes in its possession. Originally the bank had notes to the amount of $4,000.00 as collateral to secure Solina's note. These were turned over to defendant Wight. He returned to the bank such of them as he considered solvent. Wight was to assume the payment of these notes, and with that understanding the bank delivered them to him. He has never paid anything on them. This contract was made with Mrs. Wight, the wife of the defendant Wight, through her husband as her agent, and he was to assume so much of the debt as these notes represented. Mrs. Wight was not present at any time in a business way. He gave the collateral to defendant Wight for collection, under the agreement that he would have them collected and turn over the proceeds to the bank. Witness and the defendant Wight went over the entire list of notes, and the latter picked out what he said were solvent, and gave them to the bank to secure the unsecured balance, and paid the balance, and there was left due $1,423.86 on the collateral. The full amount of the note sued on is due to the bank. At the last April term of the court the defendant Wight told the bank that if it would have this case continued he would have the matter all settled up in thirty days, but since then has said nothing about it. Solina admitted to the witness that he had collected a part of the money on the collateral notes, but did not say how much he had collected. Witness did not look to Wight individually for the payment of the money. The notes were turned over to him as the agent of his wife, and the business was transacted with him as such. No con-

tract was made with him individually. The plaintiff having closed, the defendant moved for a nonsuit as to the defendant Wight, which motion the trial judge overruled, and directed a verdict for the plaintiff against each of the defendants for the full amount sued for; and to these rulings defendants excepted, complaining that the trial judge erred, first, in refusing to nonsuit the plaintiff as to defendant Wight; and second, in directing a verdict for the plaintiff against the defendants. The judge, in our opinion, erred in both of the rulings complained of.

1. The evidence of the only witness who was sworn in the case was directly to the effect that the contract made between the bank and Wight was really a contract of Mrs. Wight, made through her husband, the defendant Wight, as her general agent. He says: "I turned the notes over to him as agent for his wife, Mrs. M. M. Wight. The understanding was that he was agent for his wife. He was not doing business in his own name. I transacted business with him as agent for his wife — did not look to him individually for anything — did not make any contract with him individually — the contract was with Ed. L. Wight as agent for his wife M. M. Wight and J. M. Solina." According to this evidence whatever liability, if any, may have been incurred to the bank under this contract was incurred by Mrs. Wight, and not by the defendant Wight. Hence there could not legally have been any recovery against Wight individually, and as the suit was against him in that capacity (together with Solina), a nonsuit should have been granted as to defendant Wight.

2, 3. Again, the trial judge erred in directing a verdict for the plaintiff against the defendants, for the reason that the evidence did not show any right of recovery on the part of the plaintiff against either. As to Solina, no recovery could be had against him under the evidence in the record, for the reason that no specific amount of the collateral notes was shown to have been collected by him, even if under the agreement with the bank he was to be liable for their collection. In relation thereto the witness said: "Solina told me he had collected a part of the money on the collateral notes and turned it over to Ed. L. Wight. He would not tell me how much had been collected. He said I could not get that information from Wight—did not tell me all of it had been collected." Assuming that Solina had been entrusted with the collection of the collateral

notes, and that his undertaking was to pay to the bank the amount which he had thus collected, then, to entitle the bank to a judgment against Solina under this contract, it was necessary for it, in the first place, to show that Solina had entered into the contract; further, that he had collected a specific amount on such notes, or that by reasonable diligence he could have collected such notes, and that by his failure to exercise such diligence the plaintiff had been injured in the amount of the notes, or some other amount. Without such proof the plaintiff was not entitled to a judgment against the defendant Solina; and none such appearing in the record, it was error to direct a verdict against him.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*