(42 South. 482.)

No. 16,357.

STATE v. ROMERO.

(Nov. 26, 1906.)

1. WITNESSES—RESIDENTS OF ANOTHER PARISH.

Whether witnesses shall be required to attend from another parish is a matter left entirely to the discretion of the judge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 9.]

2. SAME—IMPEACHMENT.

A female witness cannot be impeached by an attack upon her chastity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 1121.]

3. CRIMINAL LAW — EVIDENCE — SECONDARY EVIDENCE.

Parol evidence of the age of a person is not secondary evidence, and is not made so by the circumstances of there having been a registry made of the baptism of the person.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 880.]

4. CRIMINAL LAW—REMARKS OF COUNSEL.

Complaint being made of a remark of the district attorney not intended for the jury, the jury were called one by one and asked whether they had heard the remark, their attention being called to the time when, and the circumstances under which, the remark was made, and they answered they remembered the time and circumstances, but had not heard the remark, and thereupon the defendant asked that the objectionable remark be repeated to the jury and the specific question put to them whether they had heard it, *held*, the judge properly refused to allow the remark to be repeated.

5. SAME.

Remarks made by the district attorney argumentatively furnish no ground for setting aside the verdict.

(Syllabus by the Court.)

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; William Pierrepont Edwards, Judge.

Joseph Romero was convicted of crime, and appeals. Affirmed.

Ogden & Labauve and Preston Joseph Green, for appellant. Walter Guion, Atty. Gen., and John Nugier, Jr., Dist. Atty. (Lewis Guion, of counsel), for the State.

PROVOSTY, J. Defendant was convicted under Act No. 115 of 1896, p. 165, which reads:

"If any person over the age of eighteen years shall have carnal knowledge of any unmarried female between the ages of twelve and sixteen years with her consent, he shall," etc.

Defendant was sentenced to four years in the penitentiary, and has appealed.

His first complaint is that the judge refused to make an order for the summoning of witnesses from another parish to prove that the prosecutrix was "a woman of dissolute manners."

Whether witnesses shall be required to attend from another parish is left by the statute to the discretion of the judge. Section 1036, Rev. St. In this case the discretion was wisely exercised, since the testimony would have been irrelevant; the statute being violated just as much by carnal knowledge of a dissolute girl as of a chaste girl. A. & E. vol. 25, p. 251.

Nor is defendant any better off for saying that the evidence was for the purpose of impeaching the prosecutrix as a witness. It is well settled that a female witness cannot be impeached by an attack upon her chastity. State v. Baudoin, 115 La. Ann. 837, 40 South. 239; State v. Hobgood, 46 La. Ann. 857, 15 South. 406.

The next complaint of defendant is that the father of the girl was permitted to testify as to her age; the contention being that the certificate of baptism was the best evidence. In the light of the authorities this contention can have been urged only for whatever it might be worth. State v. Menard, 110 La. Ann. 1098, 35 South. 360; Greenleaf, vol. 1, § 104; Underhill, Criminal Ev. vol. 1, §§ 166,

STATE v. ROMERO.

677, 376, 377; Cyclopedia of P. & P. vol. 17, p. 98.

The next complaint is twofold—that the district attorney made an improper remark before the jury; and that the judge would not allow the remark to be repeated before the jury. The facts are these: The district attorney made a remark not intended to be heard by the jury, and the defendant's counsel objected to the remark, and the question arose whether the jury had heard the remark; and to settle this question the jurors were called up one by one, and asked whether, when a certain question was asked to a certain witness by the counsel for defendant, they heard the district attorney make any remark. The jurors all answered that they remembered the question, but had not heard the district attorney make any remark. Thereupon counsel for defendant wanted the remark to be repeated to the jury and the specific question put whether they had heard that particular remark. Manifestly the judge properly refused to allow this to be done. If the remark was improper, and the jury had not heard it, it would have been wrong to have repeated it to them.

Defendant next complains that the district attorney was permitted, over objection, to put to the prosecutrix the question: "How came you to do this with the accused?" The objection was that the question was irrelevant, and the contention now is that the answer to it had the effect of creating prejudice in the minds of the jurors against defendant; it having been, "Because he swore to me on his prayer beads to marry me."

Under the statute the act must be committed "with the consent" of the girl. This introduces into the case an element which makes all the circumstances bearing upon the consent of the girl admissible. Perhaps in this case the consent had been shown by other testimony, and this additional circumstance was for that reason unnecessary to be proved; but that did not make it irrelevant. Had the girl denied that she had consented, all and every circumstance attending the act might have been, not only relevant, but absolutely necessary to be proved.

The next complaint is of the refusal of the judge to allow proof of the prosecutrix having been caught "embracing and kissing" a man other than defendant. The ruling was manifestly right. The evidence was irrelevant. The fact that the prosecutrix had been caught hugging and kissing another man would not go to show that defendant had not had carnal knowledge of her. Its only effect could have been to impugn her modesty, but, as held above, evidence for that purpose was inadmissible.

The next, and last, complaint relates to certain remarks made by the district attorney in the course of his argument. The statement of the district attorney, in which the judge concurs, shows that the remarks were made argumentatively. Such being the case, they are not grounds for reversal. Enc. of P. & P. vol. 2, p. 747; State v. Meche, 114 La. Ann. 231, 38 South. 152; State v. Spurling, 115 La. Ann. 790, 40 South. 167; State v. Young, 114 La. Ann. 686, 38 South. 517. The addendum of the district attorney to the bill of exceptions reads as follows:

"Relative to the statement to the effect that the district attorney characterized the accused as a monster, the statement was not made that the accused has shown himself to be a human monster, but the statement was made by the district attorney that the accused had shown himself by the evidence to be a monster. With regard to the statement 'is not now robed in the mantle of innocence' will say that the defendant's counsel argued to the jury that the accused was innocent of the crime charged, and the district attorney in his closing argument referred to this statement and said that the law presumed the prisoner to be innocent until his guilt was established by proof beyond a reasonable doubt; that the evidence did show that the state had made its case out by proof beyond a

reasonable doubt, and that, so far as evidence was concerned, the accused was no longer robed in the mantle of innocence; that the presumption thus established in favor of an accused party must yield when by proven facts he stands guilty of crime charged, and to admit that he was robed in the mantle of innocence was to say that the evidence did not show him guilty. With regard to the statement that defendant has shown himself to be a devil incarnate, the statement was not made in this way. The district attorney first recapitulating the facts of the case to the jury argued that the facts showed that the accused was a man of some 23 years of age, had taken advantage of a plighted faith of a 14 year old girl; that under a promise of marriage and under an oath upon his prayer beads, made on a Sabbath Day, obtained the consent of the girl to obtain carnal knowledge; that he did have carnal knowledge with her; that after she became pregnant he ceased paying attention to her; that he subsequently married another woman and left the girl whom he first promised to marry with the burden coerced by him under promise of marriage; and that this girl gave birth to a child subsequently, and that a man that would act in this wise and whom the evidence had shown to have done these things was nothing else than a devil incarnate. With regard to characterizing the accused as a criminal, the district attorney, after using the above language, continued, and said that society claimed no rights to permit such a criminal to run at large; that the evidence showed him to be a criminal and he should pay the penalty of the law provided in such cases."

Judgment affirmed.