PROVOSTY, J.
On an indictment against defendant for burglary and larceny, in separate counts, the jury brought in a verdict,expressed by the single word, “Guilty.” De *939 fendant moved in arrest of judgment on the following grounds:
“That the verdict in this ease was insensible, and no valid or legal judgment could be based thereon, for the reason that the accused was charged in separate counts with burglary and larceny in the same indictment, and the verdict of the jury as rendered and recorded was simply guilty, with a recommendation to the mercy of the court.
“That the general verdict of guilty left it wholly uncertain of what charges the accused was convicted, whether of the highest or lowest crime, which begs the question, could the judge legally sentence the accused on such a verdict?
“That the verdict was not one of ‘guilty as charged,’ which might have been construed as finding the accused guilty on both counts, but one simply ‘guilty,’ leaving it in doubt as to which count the jury intended to convict. That the jury alone had the power to cure their defective verdict, but it has passed, having been discharged.”
The first ground of the motion, namely, that where the indictment charges burglary and larceny in separate counts, and the defendant is found guilty generally, the verdict is uncertain and cannot serve as a basis for sentence on either crime, is untenable in the light of the authorities.
While the practice in such cases is to sentence only for the higher crime, yet it is not error to sentence for both. Wharton, Criminal Law, § 3048; State v. Nicholls, 37 La. Ann. 779; State v. Crenshaw, 45 La. Ann. 496, 12 South. 628.
In this case the sentence was for both; but the combined sentences thus imposed, 4 years for the burglary and 1 year for the larceny, at hard labor, do not come near the 14 years at which the judge might have fixed the sentence for the burglary alone; so that, if the burglary and the' larceny were independent crimes, the sentence was irreproachable, even technically, and if they formed one single crime, the larceny being merged in the burglary, the sentence was far within the limit allowed by the statute for the burglary.
The second ground of the motion, that a verdict expressed by the single word “Guilty” is fatally defective in form, is not better supported by the authorities. We do not know that the form of verdicts is sacramental, and we do not see why a verdict should not be sufficient so long as it does not leave room for uncertainty; and we opine, when a jury comes in with a verdict of “Guilty,” there is little room to doubt for a single moment what exactly and precisely is meant. As a matter of fact, we find that the proper formula for a general verdict is the single word “Guilty,” or the two words “Not guilty.” Ohitty says that the clerk must put the question to the jury whether they find the prisoner guilty of the crime whereof he stands indicted, and that the jury must answer “Guilty,” or “Not guilty,” and that thereupon the clerk must enter the verdict and read it to the jury. Volume 1, § 636. In the case of State v. Jurche, 17 La. Ann. 71, this court said:
“The only verdict, in a criminal case, that the jury can render under the law, is a general one; a verdict of guilty or not guilty, which is a decision both on the law and the facts.”
Wharton, Criminal Law (8th Ed.) § 3190, says that':
“The verdict of ‘guilty’ is assumed to refer to the indictment to which it is a response.”
Judgment affirmed.