(50 South. 842.)

No. 17,966.

STATE v. SMITH.

(Dec. 13, 1909.)

1. CRIMINAL LAW (§§ 595, 603*) — CONTINU-ANCE—AFFIDAVIT — GROUNDS — REMARKS OF JUDGE.

Defendant's first complaint is substantially that over his objection he was forced to trial when unprepared. To obtain a continuance, a motion for the same must be made in due form, and supported by affidavit. State v. Underwood, 44 La. Ann. 1114, 11 South. 823; State v. Perique, 42 La. Ann. 403, 7 South. 599; State v. Guillory, 45 La. Ann. 31, 12 South. 314.

Even had defendant's application been in due form, the delay which he was seeking to ob-tain was evidence to support an issue which he was not authorized to tender under the particular crime charged against him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1323–1327, 1348–1361; Dec. Dig. §§ 595, 603.*]

2. CRIMINAL LAW (§§ 755½, 1154*)—APPEAL— REVIEW — ARGUMENTS OF COUNSEL — RE-MARKS OF JUDGE.

The exercise of the discretion of the trial judge in deciding in a criminal case as to how far a district attorney in his remarks to the jury was or was not within the bounds of legitimate argument is entitled to very great consideration by an appellate court. The trial judge knew (while the Supreme Court does not) the circumstances under which they were made and the likelihood or not of those remarks being legally prejudicial to the defendant. State v. Romero, 117 La. 1003, 43 South. 482.

The trial judge in his charge to the jury, while defining the crime of embezzlement with which defendant was charged, made use of an illustration of what an embezzlement was which it would appear brought defendant's case directly under the evidence. Defendant urges that by so doing the trial judge prejudiced the jury and commented on the evidence. It is not claimed that the illustration given was not legally correct. If it was, it was for the jury to determine whether under the evidence the defendant's case fell under it or not. The judge made no comment in the evidence. State v. Lenares, 12 La. Ann. 226; State v. Markham, 15 La. Ann. 498.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1731–1765, 3059; Dec. Dig. §§ 755½, 1154.*]

(Syllabus by the Court.)

Appeal from Ninth Judicial District Court, Parish of Madison; F. X. Ransdell, Judge.

Randall Smith was convicted of wrongfully converting a horse and a mule, and he appeals. Affirmed.

David M. Evans, for appellant. Walter Guion, Atty. Gen., and Jeff B. Snyder, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

Statement of the Case.

NICHOLLS, J. The defendant was indicted for having feloniously and wrongfully used, converted to his own use, concealed and embezzled one horse and one mule, the property of George S. Yerger, which had been intrusted to him, the said Randall Smith, the

tenant and employé of the said George S. Yerger, by virtue of his said employment.

The first complaint made by the defendant was his being over his objection compelled to go to trial. The bill of exception on that subject recites: That defendant having in his petition an order for a supœna duces tecum commanding George S. Yerger and the Maxwell-Yerger Company, of which George S. Yerger was and had been manager ever since the organization of the said Mercantile Company, to produce in open court on the ———— day of ———— or any other day this cause may be continued, all books, papers, and documents, ledgers, journals, cash books, day books, counter blotters, time books, pay rolls, gin books, and account of sales of cotton and seed, and any other memorandas that are in possession of Geo. S. Yerger down to the 29th day of January, 1909. That the said cause was on motion of the state continued until the ———— day of ———— and hour of ————. That the said day and hour having arrived, and the state having announced its readiness for the trial, and the defendant, when asked by the court if he was ready, announced through his attorney that he was not ready for trial by reason of the fact that the said Geo. S. Yerger, who was the principal prosecuting witness, individually or as the general manager of the Maxwell-Yerger Company, had not obeyed the orders of this honorable court by not producing into open court on said day and hour all books, etc., as above mentioned.

That, on the contrary, the first item shown under date of January, 1904, was a balance of 160-odd dollars. That defendant having denied having had a settlement with the said Yerger or with the Maxwell-Yerger Company, of which Geo. S. Yerger was the general manager, and that there had been no account stated as between them, and that as a matter of right that the said defendant was entitled to an itemized account from the first transactions down to and including the 29th day of January, 1909, the day on which he is alleged to have embezzled a certain horse and mule, the property of Geo. S. Yerger.

But the court overruled the objection of the defendant going to trial on said day and hour, and refused to require the said Geo. S. Yerger, who was the principal prosecuting witness for the state in the indictment, and who is and was the general manager of the Maxwell-Yerger Company, to produce an itemized account from the incipiency of their transactions down to the 29th day of January, 1909, and ordered the trial to proceed. In view of the premises, counsel for defendant presented this his bill of exceptions, and, having submitted the same to the honorable district attorney, counsel for the state prayed the honorable court to sign it.

The second complaint of defendant is set out in bill of exception No. 2. In this bill it is declared that on the trial of the case the district attorney, while addressing the jury in his closing argument, made the following remarks:

"Gentlemen of the jury, if under the circumstances which exist in this case you by your verdict turn this man loose, then bear in mind that never again can any planter or business man in this parish accept a mule or horse in payment of debt."

Objected to by counsel for defendant for the reason that the remarks were highly improper, and had a tendency to prejudice the minds of the jury, which objection was overruled by the court, and the district attorney was ordered to proceed with his argument. Whereupon the district attorney continued by saying:

"Except that he will do so with a full knowledge that it is not a firm trade and that the debtor who had paid a debt in that manner has a perfect right to take the property and send it off or dispose of it as he pleases."

Whereupon counsel for defendant again interrupted him, and most strenuously objected to any such remarks being made to the

jury, for the reason it was entirely unfair and had a tendency to prejudice the minds of the jury, especially as some members of the jury were merchants and planters. The court overruled both objections, and allowed the district attorney to proceed with his argument.

Whereupon counsel for defendant took his bill of exceptions, and, having submitted it to the district attorney, counsel prayed the court to sign same.

The third complaint is to a part of the charge of the court to the jury when in defining and explaining an embezzlement he said:

"For instance, if A. should employ B. to work for him, and give B. a mule and horse to do some plowing, and B., instead of doing the work, should take A.'s stock to Mississippi, and there convert them to his, B.'s, use, he would be guilty of embezzlement."

Whereupon counsel for defendant objected to this and reserved his bill of exceptions on the ground as that the court was commenting on the facts.

### Opinion.

In his per curiam to the first bill of exception the trial judge assigned as reasons for his ruling that "the books asked for were accounts of 1903." Those produced showed transactions between defendant herein and the Maxwell-Yerger Company and George S. Yerger as far as January 1, 1904. The horse and mule alleged to have been embezzled were shown to have been given to the Maxwell-Yerger Company about the first of the year 1909. The court could see, therefore, no connection between the old accounts of 1903 which were never shown to have been objected to, but on the contrary, and therefore overruled defendant's motion to produce the accounts prior to 1904 between defendant and the Maxwell-Yerger Company.

The Supreme Court knows nothing of the facts of the case. From the statement of the judge, it would appear that George S. Yerger had obeyed to the extent deemed necessary by the court, the order given to him to produce the books, etc., called for; that a motion of the defendant to compel him to produce other documents than those which he had produced was made and overruled prior to the calling up of defendant's case; that, when the case was actually called up, the court considered that the papers which George S. Yerger had produced covered everything which defendant was authorized to submit to the jury, and anything beyond what was shown by the papers which were produced were irrelevant and unnecessary. If such was the case (as we are to presume it was), there was no ground for delaying the trial.

From the statements of the trial judge, coupled with the averments of the indictment, we think that the question of actual title to the horse and mule was not at issue before the court. If it was true, as alleged in the indictment, that defendant had recognized as a fact the ownership and possession of George S. Yerger, and had received possession of the same from him as stated in the indictment, defendant could not while holding possession under such circumstances conceal, part with, and dispose of them as he was charged with having done. As the case comes before us, defendant complains really that he should have been granted a continuance, and not been forced to trial as he was. Viewed from that standpoint, defendant's complaint is not well taken.

To obtain a continuance, a motion must be made in due form, or the refusal will not be disturbed on appeal. State v. Underwood, 44 La. Ann. 1114, 11 South. 823.

The motion must be supported by affidavit. State v. Perique, 42 La. Ann. 403, 7 South. 599; State v. Guillory, 45 La. Ann. 31, 12 South. 314.

In his per curiam to the second bill of exceptions, the trial judge stated that objection to the remarks of the district attorney was overruled because the court saw nothing improper in them, and did not consider that they would improperly influence the jury.

The exercise of the discretion of the district judge in this matter is entitled to very great consideration by the appellate court. The remarks of the district attorney in this case were doubtless within the bounds of legitimate argument. State v. Romero, 117 La. 1003, 43 South. 482.

The judge knew the circumstances under which they were made, and the probable prejudicial effect of the same upon the jury. We do not.

The trial judge in his per curiam to the third bill of exceptions complaining of his charge to the jury said that he had said nothing about the evidence in the case—that he merely gave the portion of the charge objected to as an illustration of a similar offense to that charged.

It is not claimed that the illustration given by the trial judge to the jury in defining to them the crime of embezzlement and giving an example of an embezzlement in order to instruct them on that subject was not a legally correct illustration. If the charge was legally correct, the fact that the evidence in the case properly brought it under the illustration given cannot be urged as a comment by the judge on the evidence or as furnishing to the jury any conclusion on his part as to the guilt or innocence of the accused. Whether or not the defendant had brought himself under the evidence adduced within the doctrine of the case given as an illustration was left entirely to the jury to decide. State v. Lenares, 12 La. Ann. 226; State v. Markham, 15 La. Ann. 498.

The defendant moved for a new trial on grounds of which we have no knowledge from the record. The motion was overruled.

We find no ground for setting aside the verdict of the jury or reversing the judgment rendered thereon.

The judgment appealed from is therefore hereby affirmed.