BRUNOT, J.
Appellant was convicted of having “carnal knowledge” of an unmarried girl under the age of 18 years, in violation of Act 192 of 1912, and was sentenced under the verdict to imprisonment in the -state penitentiary, at hard labor, for not less than 4% years and not more than 5 years, from which verdict and sentence he has appealed.
Nine bills of exception were reserved dur *525 ing the progress of the trial, and a bill of exception was reserved to tbe refusal of tbe trial judge to grant a new trial.
Bill No. 6 is not referred to in appellant’s brief, and was not commented upon in tbe argument of the case. We therefore assume that this bill has been abandoned.
Bill No. 1-A was reserved to tbe ruling of tbe court on the motion for a new trial.
Tbe motion alleges that tbe verdict is contrary to tbe law and tbe evidence, in that the jury failed to give tbe accused tbe benefit of a reasonable doubt as to tbe proof of the age of tbe prosecuting witness, and that tbe court erred during the trial in tbe rulings objected to and presented for our consideration in bills hereinafter considered, especially bills No. 1 and 8.
Tbe jury is tbe judge of tbe sufficiency of tbe evidence and tbe per curiam of tbe trial judge is as follows:
“The guilt of the accused was proved by the state affirmatively and beyond any reasonable doubt.”
Bill No. 1 was reserved to tbe overruling by the court of defendant’s objection to tbe following question propounded to a juror on bis voir dire by tbe assistant district attorney:
“If the state proves beyond a reasonable doubt that the accused had carnal knowledge of Antoinette Bouisson with her consent, that she was unmanned, that she was between the ages of 12 and 18 years, and that the accused was over the age of 17, what would your verdict be?”
Preliminary to tbe question propounded to tbe juror tbe district attorney accurately stated the essential elements of tbe crime and tbe requisite proof thereof necessary to convict. It cannot be said that a mere statement of tbe law, coupled with a question to a prospective juror which will elicit knowledge of bis comprehension thereof and of bis duty as a juror thereunder, is prejudicial error.
Bills Nos. 2, 3, 4, and 5 may be considered together. They were reserved to tbe ruling of tbe court permitting tbe district attorney to ask a juror on bis voir dire tbe following question:
“There are four ingredients to the crime of carnal knowledge; the man must be over 17 years of age, the girl must be' between the ages of 12 and 18. She must be unmarried, and she must have consented to the act.
“To commit the crime of carnal knowledge it is not necessary that she be an innocent girl. A man may be guilty of the crime of carnal knowledge, even though the girl were a prostitute. Have you any prejudice against a law of this kind?” . !
The assistant district attorney accurately stated "the law, and asked tbe juror if he bad any prejudice against such a law. It .cannot be successfully contended that tbe state has not tbe legal right, within reasonable limitations, to probe tbe conscience of a juror on bis voir dire and to ascertain if he hai-bors such a prejudice against tbe law be is called upon to enforce as would disqualify him for jury service in that particular case. It must be remembered that it is tbe purpose of government and to tbe interest of society that tbe state shall secure tbe presence of impartial men in tbe jury box.
Bill No. 7 was reserved to tbe ruling of the court permitting tbe mother of tbe prosecuting witness to testify orally to tbe date of her daughter’s birth; tbe objection to this testimony being that tbe baptismal certificate or tbe registry in tbe office of tbe recorder of births was tbe best evidence of tbe fact.
Tbe rule is that the best evidence of a fact is tbe testimony of a person who knows. State v. Romero, 117 La. 1003, 42 South. 482.
Bills Nos. 8 and 9 may be considered together. They were reserved to tbe rulings of tbe court excluding certain testimony sought to be elicited from a state witness. The following questions were propounded to *528 the witness by counsel for the defendant: “How many times has your daughter been missing from home?” and “Is it a fact or not that your daughter was missing from your home on a previous occasion and was gone two days and a half?” The questions were objected to by the assistant district attorney, and the objection was sustained. Erom the court’s per curiam it appears that the state’s objection to the questions was sustained because of irrelevancy.
It is clear that, if the testimony sought to be elicited had been admitted, its only effect would have been to impugn the modesty of the prosecuting witness. Evidence of indiscretions on her part with other men would not tend to show either the guilt or innocence of the accused, because the question of chastity does not affect the crime. The evidence sought to be introduced was irrelevant and the ruling excluding it was correct. State v. Romero, 117 La. 1003, 42 South. 482.
It is contended that Act 192 of 1912 is unconstitutional, in that it does not define the term “carnal knowledge.”
The language of the law is:
“That, if any person over the age of 17 years shall have carnal knowledge of any unmarried female between the ages of 12 and 18 years, with her consent, he shall be deemed guilty of a felony,” etc.
The context is plain enough and the legislative intent is clear. Carnal knowledge is not a technical term. In the common acceptation of the term, as in the dictionaries, carnal knowledge means sexual intercourse. The terms may be regarded as synonymous, within the intendment of the statute, and both have a fixed and definite meaning. We doubt whether the Legislature could have found, in polite language, plainer terms than the expression itself for a definition of carnal knowledge.
“Erom very early times, in the law, as in common speech, the meaning of the words ‘carnal knowledge’ of a woman by a man has been sexual bodily connection; and these words without more have been used in that sense by writers of the highest authority on criminal law when undertaking to give a full and precise definition of the crime of rape, the highest crime of this character. They are equivalent to sexual intercourse.” Am. & Eng. Ency. vol. 5, p. 150; Com. v. Squires, 97 Mass. 61; Noble v. State, 22 Ohio St. 545; Burk v. State, 8 Tex. App. 342.
Where the words used to designate an offense has a fixed and definite meaning, it is not necessary for the statute to do more than to denounce the offense by name. City of Shreveport v. Kahn, 136 La. 371, 67 South. 35; State v. Hayes, 105 La. 352, 29 South. 937; State v. Thibodeaux, 136 La. 935, 67 South. 973; State v. Baker, 112 La. 801, 36 South. 703.
Eor the reasons stated, the verdict and sentence appealed from are affirmed.