## STATE v. LEE.
### No. 31505.

Supreme Court of Louisiana.
Nov. 30, 1931.

Henry J. Rhodes, of New Orleans, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and Eugene Stanley, Dist. Atty., and Warren O. Coleman, Asst. Dist. Atty., both of New Orleans, for the State.

O'NIELL, C. J.

The appellant stands convicted of murder and sentenced to suffer the penalty of death.

The record contains three bills of exception. The first bill was reserved to the overruling of an objection to the state's introducing in evidence a written confession. The document was a carbon copy of a typewritten instrument purporting to be a confession made by the defendant, and written by a detective, in the presence of an assistant district attorney and five or more police officers. The defendant, being illiterate, made a cross-mark, in lieu of his signature, on each of the duplicate copies of the confession, after it had been read to him and approved by him; all of which was proven when the copy of the confession was offered in evidence. The only objection made to the introduction of the confession in evidence was "that there was no certificate to show that the same was a carbon copy of the original statement alleged to have been made." It was not contended that the writing was not an accurate representation of what the defendant had said, or that the confession was not a free and voluntary confession. The objection that the document offered in evidence was not certified to be a carbon copy of the original was without merit. When a writing has been made in duplicate, or counterpart copies, by one and the same mechanical operation, as when two or more typewritten copies of an instrument are made at the same time by interleaving sheets of carbon paper, each copy of the instrument is an original, and is primary evidence, admissible without accounting for the other copy or copies. 22 C. J. 1023.

The two other bills of exception have reference to the form of the verdict, viz.: "June 9th, 1931. Guilty. (Signed) Sam Payne Stone, Foreman." It is contended that the word "Guilty" was indefinite, in that it did not express or explain the degree of guilt; particularly as the judge had properly instructed the jurors that they might find the defendant "Guilty as charged," or "Guilty as charged, without capital punishment," or "Guilty of manslaughter," or "Not guilty." The argument, in substance, is that the word "Guilty" might mean "Guilty, without capital punishment," or "Guilty of manslaughter," as well as "Guilty as charged." It is well settled, however, that when a jury's verdict reads simply "Guilty" it means "Guilty as charged." In fact the Code of Criminal Procedure, in article 411, so provides. See, also, State v. Johnson, 30 La. Ann. 921; State v. Underwood, 44 La. Ann. 1114, 11 So. 823; State v. Warner, 117 La. 938, 42 So. 432.

The verdict and sentence are affirmed.