(No. 30466.—)

The People of the State of Illinois, Defendant in Error, *vs.* Victor Burke; Plaintiff in Error.

*Opinion filed May 20, 1948.*

Victor Burke, *pro se.*

George F. Barrett, Attorney General, of Springfield, and William J. Tuohy, State's Attorney, of Chicago, (John T. Gallagher, Melvin S. Rembe, and W. S. Miroslawski, all of Chicago, of counsel,) for the People.

Mr. Chief Justice Murphy delivered the opinion of the court:

Plaintiff in error, Victor Burke, was indicted and tried in the criminal court of Cook County for the crime of incest. He entered a plea of not guilty, waived a jury trial and, after a hearing by the court, was, on April 13, 1943, sentenced to the penitentiary for a term of one to twenty years.

Burke has sued a writ of error out of this court to review his record of conviction. The cause is submitted on the common-law record with two assignments of error: first, that the judgment order and sentence was contrary to law, and, second, that the indictment was faulty in substance because it failed to describe the act done or recite the address in Cook County where the alleged incest took place. No bill of exceptions has been filed.

The first contention of plaintiff in error is that the trial court sentenced him to the penitentiary for a definite term of twenty years, whereas section 156 of division 1 of the Illinois Criminal Code, (Ill. Rev. Stat. 1943, chap. 38, par. 374,) provides that the crime of incest between father and daughter is punishable by imprisonment for a term of not less than one year and not exceeding twenty years. This contention is based solely on an apparent clerical error in one portion of the record certified to plaintiff in error by the clerk of the trial court wherein the sentence is described as being for twenty years. The correct sentence is recited in two other portions of the judgment order included in the record filed by plaintiff in error. In addition, counsel for the People, on leave of this court, have filed a corrected copy of the judgment order, certified to by the clerk, so that the record now filed shows the correct sentence in all parts of the judgment order. Contentions based on a faulty record are without merit where an additional transcript shows the true state of the record. *People v. Webb,* 392 Ill. 524.

The last contention of plaintiff in error is that the indictment fails to describe the act committed, and fails to allege the address where the incest took place. Section 156 of division I of the Criminal Code, (Ill. Rev. Stat. 1943, chap. 38, par. 374) defining the crime of incest of father with daughter, provides as follows: "If a father shall rudely and licentiously cohabit with his own daughter, he shall be imprisoned in the penitentiary for a term of not less

than one year and not exceeding twenty years." Count 1 of the indictment here complained of recites that on May 6, 1943, in the county of Cook, in the State of Illinois, Victor Burke, father of Dorothy Burke, did "unlawfully, feloniously, rudely and licentiously cohabit with and have carnal knowledge of the body of said Dorothy Burke," etc. Count 2 describes the crime in the same language except the words "and have carnal knowledge of the body of the said" were omitted therefrom. Plaintiff in error seeks to invoke the rule followed by this court in *People* v. *Rice,* 383 Ill. 584, *People* v. *Green,* 368 Ill. 242, and *Johnson* v. *People,* 113 Ill. 99, wherein we held that where language of a statute creating a new offense does not describe the act or acts constituting such offense, an indictment under the statute is bound to set them forth specifically. The indictment here charges plaintiff in error with having "cohabited" with his daughter, and with having "carnal knowledge" of her body. The term "cohabit" is defined as living together as man and wife within a common dwelling. When used in connection with a charge of incest it has been construed to mean living together as man and wife, and to mean any sexual intercourse, whether within a common dwelling or elsewhere. (*Simon* v. *State,* 31 Tex. Crim. 186, 20 S.W. 399; *State* v. *Spurling,* 115 Ga. 789, 40 So. 167.) The term "carnal knowledge" has, from early times in law, as in common speech, meant bodily connection and is synonymous with sexual intercourse. (*Commonwealth* v. *Squires,* 97 Mass. 59.) We are of the opinion therefore that the language used in both counts of the indictment sufficiently described the act or crime of which plaintiff in error was accused, was clear enough to enable him to prepare his defense if any he had, and is not subject to his objection. (*People* v. *Pond,* 390 Ill. 237; *People* v. *Kobylak,* 383 Ill. 432; *People* v. *Shaver,* 367 Ill. 339.) There remains the question whether or not the indictment was faulty because it did not describe the address where the

crime occurred. We are of the opinion that it was not. The indictment clearly stated that the act complained of occurred in the county of Cook, State of Illinois, on March 6, 1943. The act described was unlawful and the location at which it occurred was not an element of the crime to be charged and proved. The crime is sufficiently described and isolated, so as not to have misled plaintiff in error, he was allowed preparation of an ample defense, and, in our opinion, a judgment entered on the two counts here could easily be pleaded in bar to another prosecution on the same charge. The rights of plaintiff in error were amply met by the indictment.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*