146 So.2d 85

**Kermit Billy REYNOLDS**

v.

**STATE of Alabama.**

**1 Div. 78.**

Supreme Court of Alabama.

Oct. 25, 1962.

Granade & Granade, Chatom, for appellant.

MacDonald Gallion, Atty. Gen., and Ed Brogden, Sp. Asst. Atty. Gen., for the State.

GOODWYN, Justice.

Appellant was indicted and tried for violation of § 398, Tit. 14, Code 1940, which provides as follows:

"Any person who has carnal knowledge of any girl under twelve years of age, or abuses such girl in the attempt to have carnal knowledge of her, shall, on conviction, be punished, at the discretion of the jury, either by death or by imprisonment in the penitentiary for not less than ten years."

The jury found appellant guilty and fixed his punishment at imprisonment in the peni-

tentiary for 42 years. Sentence was imposed accordingly. ·

■ Appellant's motion for a new trial, charging insufficiency of the evidence to support the verdict, was overruled. Our conclusion is that the motion should have been granted. (The motion also asserts error in refusing to give appellant's requested affirmative charge, but such charge does not appear in the record.)

Section 398 embraces two offenses, one being carnal knowledge and the other abuse in the attempt to have carnal knowledge. "Carnal knowledge", as used in the statute, means sexual intercourse, that is, the actual penetration of the male sexual organ into the sexual organ of the female. The holding in Dawkins v. State, 58 Ala. 376, 29 Am.Rep. 754, clearly implies this. See also: State v. Normandale, 154 La. 523, 97 So. 798; Harris v. State, 72 Fla. 128, 72 So. 520, 521; Strawderman v. Commonwealth, 200 Va. 855, 108 S.E.2d 376, 379; State v. Bowman, 232 N.C. 374, 61 S.E.2d 107; State v. Ramsdell, 242 Iowa 62, 45 N.W.2d 503, 508; State v. Schwartz, 215 Minn. 476, 10 N.W.2d 370, 371; Wharton's Criminal Law, 12th Ed., Vol. 1, § 685, p. 919, § 697, p. 934; Bishop on Statutory Crimes, 3rd Ed. § 488, p. 414; Bishop on Criminal. Law, 9th Ed., § 1132, p. 838; Black's Law Dictionary, 4th Ed., "Carnal knowledge," p. 268; Ballentine's Law Dictionary, 2nd Ed., "Carnal knowledge," p. 190, "Sexual intercourse," p. 1194; 75 C.J.S. Rape § 10, pp. 471–472; 12 C.J.S. Carnal p. 1151; 52 C.J., Rape, §§ 22, 23, p. 1014; 9 C.J., Carnal Knowledge, p. 1293; Words and Phrases, Perm.Ed., Vol. 6, "Carnal knowledge," p. 160; Words and Phrases, Perm.Ed., Vol. 39, "Sexual intercourse," p. 107.

From State v. Normandale, 154 La. 523, 97 So. 798, 800, supra, is the following:

"The language of the law is:

" 'That, if any person over the age of 17 years shall have carnal knowledge of any unmarried female between the ages of 12 and 18 years, with her consent, he shall be deemed guilty of a felony,' etc.

"The context is plain enough and the legislative intent is clear. Carnal knowledge is not a technical term. In the common acceptation of the term, as in the dictionaries, carnal knowledge means sexual intercourse. The terms may be regarded as synonymous, within the intendment of the statute, and both have a fixed and definite meaning. We doubt whether the Legislature could have found, in polite language, plainer terms than the expression itself for a definition of carnal knowledge.

" 'From very early times, in the law, as in common speech, the meaning of the words "carnal knowledge" of a woman by a man has been sexual bodily connection; and these words without more have been used in that sense by writers of the highest authority on criminal law when undertaking to give a full and precise definition of the crime of rape, the highest crime of this character. They are equivalent to sexual intercourse.' Am. & Eng. Ency. vol. 5, p. 150; Com. v. Squires, 97 Mass. 61; Noble v. State, 22 Ohio St. 545; Burk v. State, 8 Tex.App. 342."

The Virginia statute (Code of Virginia, § 18–54) provides in part:

"If any person carnally know a female of sixteen years of age or more against her will, by force, or carnally know a female child under that age * * *, he shall, in the discretion of the court or jury, be punished with death, or confinement in the penitentiary for life, or for any term not less than five years. * * *"

In discussing this statute in Strawderman v. Commonwealth, 200 Va. 855, 108 S.E.2d 376, 379, supra, the Virginia Superior Court of Appeals had this to say:

"The words 'carnally know' as here used, mean sexual intercourse. King v. Commonwealth, 165 Va. 843, 846, 183

S.E. 187, 189. Consequently, it is universally held that under an indictment charging statutory rape of a child under sixteen years of age, as well as one charging the common-law rape of an adult woman, the prosecution must prove that there has been an actual penetration to some extent of the male sexual organ into the female sexual organ. Bailey v. Commonwealth, 82 Va. 107, 113, 3 Am.St.Rep. 87; Wharton's Criminal Law, 12th Ed., Vol. 1, § 697, p. 935; McCall v. Commonwealth, supra, 192 Va. [422] at page 426, 65 S.E.2d [540] at page 542. This essential element must be proved beyond a reasonable doubt. Wharton's Criminal Law, supra, 12th Ed., Vol. 1, § 697, p. 935; Id., § 698, pp. 936, 937."

There is no evidence whatever supporting the charge of carnal knowledge. Nor does the evidence support the charge of abuse in the attempt to have carnal knowledge. While there is ample evidence showing an abuse of the child, we find no evidence showing an abuse of her genital or sexual organs. It has been held many times that an injury to these parts, in the attempt to have carnal knowledge, is the abuse to which the statute refers. See: Huggins v. State, 271 Ala. 428, 434, 123 So.2d 911; Smith v. State, 256 Ala. 444, 446, 55 So.2d 208; Lee v. State, 246 Ala. 69, 71, 18 So.2d 706; James v. State, 246 Ala. 617, 619, 21 So.2d 847; Hutto v. State, 169 Ala. 19, 20, 53 So. 809; Sims v. State, 146 Ala. 109(14), 41 So. 413; Castleberry v. State, 135 Ala. 24, 28, 33 So. 431; Dawkins v. State, 58 Ala. 376, 378–379, 29 Am.Rep. 754; Rushing v. State, 39 Ala.App. 32, 38, 94 So.2d 770, cert. den. 266 Ala. 700, 94 So.2d 777; Smith v. State, 34 Ala.App. 45, 50, 38 So.2d 341; Lee v. State, 31 Ala.App. 91, 97, 13 So.2d 583, cert. den. 244 Ala. 401, 13 So.2d 590; Montgomery v. State, 28 Ala.App. 442, 445, 186 So. 589; Miller v. State, 16 Ala.App. 534, 535, 79 So. 314; 75 C.J.S. Rape § 28, p. 493; 44 Am.Jur., Rape, § 18, p. 913.

The medical testimony, as well as that of other witnesses, shows only that the rectum and the area around the rectum were bruised or injured. We find nothing whatever in the evidence showing any abuse or injury of the girl's genital or sexual organs.

The state had the burden of proving, beyond a reasonable doubt, one of the charges included in the indictment. Failing in this, the conviction cannot stand, even though the evidence undoubtedly is sufficient to support a charge of another heinous crime.

The judgment is due to be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.