BOYD, Justice.
This cause is before us on appeal from the Circuit Court, Seminole County. Appeal was originally taken from the Circuit Court to the District Court of Appeal, Fourth District, and the latter Court has *402 transferred the cause to this Court.[1] The basis for the transfer was the fact that the trial court initially passed directly on the constitutionality of Section 794.01(2), Florida Statutes (1973),[2] which gives this Court direct appellate jurisdiction under the Constitution.[3]
This case involves a jailhouse rape in which Kevin Rosa, a 21-year-old male inmate of the Seminole County Jail, is the “prosecutrix”. Rosa was in a cell with seven others; two cellmates supported Rosa’s story-by their testimony in spite of threats by the remaining five cellmates, Appellants-Defendants Washington, Jackson, Davis, Chisolm and Walker (the Walker case is a separate one and is not involved in this appeal).
At trial, Rosa, the victim of the male rape, testified that around midnight on March 30-31, 1973, he was awakened by Washington, who carried him to another bunk where appellants struggled with him, successfully removing his pants; that, while he fought his attackers, he was beaten by fists and threatened by a metal rod or wire; that, when he tried to scream, a towel was placed around his mouth and held; and that, while his legs were being held apart, each of the appellants had anal intercourse with him. After approximately 36 hours, Rosa was successful in his attempt to see a doctor; although the physician found no blood in the rectum, he found it torn and swollen, and he testified that the symptoms displayed by the victim were consistent with anal intercourse. At trial, Appellants Chisolm and Davis took the stand and testified in their own defense; however, Appellants Washington and Jackson chose to remain silent. The jury found Appellants guilty of the charge of rape under Section 794.01(2), Florida Statutes, and judgment was entered on the verdict. All of the Appellants, except Chis-olm, were sentenced to confinement for a period of thirty years; Chisolm was given probation for life.
We direct our attention to Section 794.-01(2), Florida Statutes,[4] which Appellants challenge as being so vague and ambiguous that no reasonable man could logically conclude from a careful reading of it that he would be charged with rape. It is Appellants’ position that rape can only apply to the rape of one sex by another, wherein a pregnancy can occur, and that it does not apply to unnatural sex in a homosexual relationship. As authority for this proposition, Appellants cite an Alabama case[5] in which carnal knowledge was defined as being “sexual intercourse, that is the actual penetration of the male sexual organ into the sexual organ of the female”. We do not agree.
The test of vagueness of a statute which we are bound to apply is whether the language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice.[6] Applying this standard, it cannot be said that Section 794.01(2), Florida Statutes, is impermissively vague, since anyone of common understanding will comprehend that “person” means a human being of either the male or female gender. As to Appellants’ attack of the phrase “carnal knowledge” as being imper-missibly vague, the definition found in Brinson v. State [7] was not disapproved by this Court when we reversed the. case on the basis of the ex post facto application of the invalid judicial, rather than legisla *403 tive, extension of the statute.[8] We cite with approval the following portions of the Brinson opinion authored by Judge Spector of the District Court of Appeal, First District:[9]
“Our research reveals that sodomy has been held to include forcible carnal knowledge of the victim. State v. Schwartz, 215 Minn. 476, 10 N.W.2d 370, 81 C.J.S. Sodomy § 1, p. 369. Carnal knowledge includes sexual intercourse, but that is not all that carnal knowledge includes. Sodomy may not be committed without experiencing carnal knowledge of the victim. 8 R.C.L. 335, § 166. The word ‘carnal’ is derived from the Latin word meaning flesh. The Webster’s Collegiate Dictionary defines it variously as fleshly; sensual; related to the body as the manifestation of man’s lower nature; implies connection with flesh; implies habitual indulgence in sensations and desires having a physical origin. The word pertains to the body, its passions and its appetites. Carnal pertains to the body and includes carnal knowledge of the body of another person by either natural or unnatural copulation. People v. Knapp, 15 Ill.2d 450, 155 N.E. 2d 565, 567. Carnal knowledge includes more than sexual intercourse. It extends to the gratification of animal appetites or lusts upon the body of another. Commonwealth v. Yingling, Pa., 19 Cambria 142. It means bodily connections. People v. Burke, 400 Ill. 240, 79 N.E.2d 488, 489.”
‡ }}c >jí ;}c i}c
“In our view, the body and mind of a victim of a forcible sexual assault is no less outraged because the penetration by the assailant occurred in the anal orifice —as in the instant case — or in the oral orifice — as in the Parisi case [265 So.2d 699 (Fla.1972)] — rather than in the vaginal orifice. In either case, it is.-a gross invasion of the 'privacy of one’s body which cannot be tolerated by a civilized society.
“. . . Accordingly, we hold that any forcible penetration by a man’s sexual organ into any bodily orifice of another against the latter’s will constitutes forcible carnal knowledge of the victim and upon conviction thereof is punishable under Section 794.01, Florida Statutes, F. S.A.
“Moreover, we hold that males are entitled to the same protection from degrading ravishment and sexual assaults, regardless of the orifice involved, as are females. It is no longer consonant with constitutional principles of equal protection to continue a criminal sanction against sexual assaults on females and not provide the same criminal sanction where such assaults are made on males.”
It is our view that the term “carnally know” is completely understandable because it is contained in the same sentence as the word “person”, therefore, we conclude that Section 794.01(2), Florida Statutes, is not unconstitutionally vague.
Having carefully examined the record and the briefs, we conclude that Appellants’ remaining points on appeal are without merit.
Accordingly, the judgments of conviction and sentences entered by the Seminole County Circuit Court are affirmed.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN, McCAIN, DEKLE and OVERTON, JJ., concur.

. Rule 2.1, subd. a(5)(d), Florida Appellate Rules.

. “Whoever ravishes or carnally knows a person of the age of eleven years or more, by forc'e and against his or her will, or unlawfully and carnally knows and abuses a child under the age of eleven years, shall be guilty of a life felony, punishable as provided in § 775.082.”

. Article V, Section 3(b)(1), Florida Constitution.

. See Note 2, supra.

. Reynolds v. State, 274 Ala. 171, 146 So.2d 85 (1962).

. State v. Lindsley, 284 So.2d 377 (Fla.1973).

. 278 So.2d 317 (Fla.App.1973).

. 288 So.2d 480 (Fla.1974).

. See note 7, supra, at 821, 322.