## No. 9601.

### THE STATE OF LOUISIANA VS. REUBEN S. WILLIAMS.

An information charging the accused with an assault with a dangerous weapon, to-wit: a certain pistol * * with intent then and there wilfully, feloniously and of his malice aforethought to kill and murder, etc., is a sufficient compliance with the requirements of Section 792 of the Revised Statutes, which denounces among others the crime of an assault with intent to commit murder.

In criminal cases the Supreme Court cannot review the verdict of the jury on questions of fact. The jury are the sole judges of the sufficiency of the evidence as to the guilt or innocence of the accused.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman, J.*

---

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney, for the State, Appellee:

1. It is not requisite to charge in the indictment anything more than is necessary to accurately and adequately express the offense. Whart. Cr. Pl. and Pr., Sec. 158. Therefore

State vs. Williams.

when the crime is charged with certainty and precision, with a complete description of such facts as constitute it in the language of the statute, and the accused in hearing the indictment read, would clearly understand the charge he is called on to answer, and the court could feel no doubt as to the judgment to be pronounced on conviction, the indictment is good. 9 Ann, 106; Ib. 210; 13 Ann. 243; 34 Ann. 529; 23 Miss. 525; 8 Black. 212; 2 Iowa 162; 13 Miss. 13; 12 Miss. 268; 5 Black. 548; 3 Strob. 269; 6 Miss. 147; 1 Nott & McC., 91; 3 Penn. 142; 3 McCord, 442; 16 Mason, 448; 20 Pick. 356; 3 Gratt. 590; 6 Gratt. 664; 3 Blackf. 307; 1 Baily, 144.

2.  Pursuant to this rule of construction it was held in Tennessee that, in an indictment for malicious shooting, it was sufficient to charge that the accused did " unlawfully and maliciously shoot" without describing the pistol or the circumstances attending the act. State vs. Ladd, 2 Swan, 226.  And in Louisiana it was adjudged that an information for an assault by wilfully shooting under Sec. 792, R. S., need not allege that the shooting was done with a dangerous weapon.  State vs. Cognovitch, 34 Ann. 529.

3.  In an indictment for assault with intent to murder, at common law, or where the statute does not specify the instrument, it is not necessary to state the instrument or means made use of by the assailant to effectuate the murderous intent.  1 Whar. Cr. Law. Secs. 644, 190; Whart. Cr. Pl. and Pr. Sec. 159.

4.  Where no irregularity is complained of in the proceedings at common law, the court trying the case is the sole tribunal by whom a new trial can be granted; and the refusal being a matter of discretion cannot be reviewed as error.  Whar. Cr. Pl. and Pr. § 897.

5.  In Louisiana, the jurisdiction of the Supreme Court in criminal cases depends upon the Constitution alone.  It cannot review the acts of the judge below resting in his discretion.  To the exercise of that jurisdiction, confined exclusively to questions of law, an unmixed question of fact presents an insuperable objection.  Const. Art. 81; 8 R. 540; 2 Ann. 921; 3 Ann. 497; 4 Ann. 505; 6 Ann. 311, 593, 631; 7 Ann, 47; 8 Ann. 114; 10 Ann 501; 14 Ann. 79, 673, 735; 8 Ann. 312; 11 Ann. 81, 422, 479; 14 Ann. 40, 42; 12 Ann. 895; 22 Ann. 9; 23 Ann. 149; 30 Ann. 92.

6.  In most of the States, however, provision is made for obtaining revision by an appellate court, and for the presentation of the evidence to the appellate tribunal.  Whar. Cr. Pl. and Pr., § 897.  As, however, in criminal trials, the presumption is in favor of the verdict, unless the record affirmatively overthrows this presumption, even in such jurisdictions, the court will not disturb the evidence; and it must do this in such manner as to show that manifest injustice and wrong have been done in the premises.  4 Ark. 87; 2 Strobh. 60; 3 Strobh. 106; 16 Miss. 391; 5 Gratt. 703; 2 Nott & McC., 331.

*Jas. C. Walker* for Defendant and Appellant:

1.  An information for assault with intent to murder (R. S. 792), will be set aside by motion in arrest of judgment as fatally defective, if it do not state the facts necessary to constitute the assault.  2 Arch., Waterman's Notes, p. 70: Trexler vs. State, 19 Ala. 21; Beasley vs. State, 18 Ala. 535; Petit vs. People, 3 Johns. 511.

2.  The Supreme Court will review the ruling of the judge *a quo* refusing a new trial, if clearly erroneous, although it involves a question of fact, when such fact is made to appear by bill of exceptions.  32 Ann. 844, 1052; 33 Ann. 313; 30 Ann. 539.

---

The opinion of the Court was delivered by

POCHÉ, J.  Having been convicted and sentenced to imprisonment at hard labor, under the charge of an "assault with a dangerous weapon, to-wit: a certain pistol  *  *  with intent then and there wilfully, feloniously and of his malice aforethought to kill and mur-

der," etc., the defendant seeks relief by means of a motion in arrest of judgment and a motion for a new trial.

1. The complaint under the motion in arrest is that the information does not charge or describe the particular manner in which the assault was made; whether it was by shooting at or attempting to strike the intended victim of the defendant with the pistol, or otherwise.

There is no force in the contention, and the motion was properly overruled.

The information complies with all the requirements of the Statute under which it was framed, and that is legally sufficient. The Statute (Section 792, Revised Statutes) reads as follows:

"Whoever shall assault another by wilfully shooting at him, or with intent to commit murder, rape or robbery, shall, on conviction thereof, be imprisoned at hard labor not exceeding two years."

A slight comparison of the words of the information, with the language of the Statute, shows at once that the former contains even more than the necessary ingredients prescribed in the Statute. The gist of the offense therein denounced as applicable to the case in hand is an assault coupled with the intent to commit murder.

The law provides for several distinct crimes, one of which is the charge of an assault by wilfully shooting at another; another is an assault with intent to commit murder; a third, an assault with intent to commit rape, and finally an assault with intent to commit robbery, all four being disjunctively connected.

Under the charge as contained in the information, the accused therefore knew, and the court was sufficiently informed, that the defendant was to be tried for an assault with a dangerous weapon, to-wit: a pistol, not by wilfully shooting at another, but with intent to commit murder, and after trial, resulting in a verdict of "guilty," the court had all the required foundation on which to base a legal judgment within the provisions of the Statute.

We therefore conclude that the information fully covered and sufficiently described the offense denounced by the Statute. State vs. Cognovitch, 34 Ann. 529.

2. The substance of the motion for a new trial was that the evidence was not sufficient to justify a verdict of guilty of an assault with intent to commit murder, but that it could at most have warranted a verdict of an assault with a dangerous weapon.

Counsel annex to this bill the testimony of the party assailed by the accused, which had been taken down in writing by the committing magistrate, and which had been read to the jury at the trial. We will

not do the injury to the counsel of the defendant of supposing for one moment that they are serious in pressing us to consider that testimony with the object which they propose.

But candor compels us to say that we are simply amazed at their attempt, regardless of the motive which prompted it.

We had indulged the hope that the last of such errors had been committed in the case of Taylor, 37 Ann. 40. Hereafter we shall pass over such means of defense as absolutely trivial and unworthy of consideration.

Judgment affirmed.