(109 So. 515)

No. 27925.

## STATE v. WILLIAMS.

(June 28, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Rape** 4.

In prosecution under Act No. 192 of 1912 for statutory rape, evidence of unchastity of prosecutrix, or her general reputation therefor, is irrelevant and inadmissible.

**2. Rape** 40(5).

In prosecution for statutory rape, where prosecutrix testified that she was pregnant as result of alleged act of defendant, exclusion of evidence as to relations of others with prosecutrix *held* error.

**3. Criminal law** 1153(4)—**Witnesses** 332.

Recalling prosecuting witness for purpose of laying foundation to impeach her is discretionary, and not ground for reversal except for abuse thereof.

**4. Witnesses** 332.

In prosecution for statutory rape, refusal to permit accused to recall prosecuting witness to lay foundation for impeaching her evidence *held* not abuse of discretion.

**5. Criminal law** 419, 420(10).

In prosecution for statutory rape, testimony as to reason given witness by beau of prosecuting witness for leaving state *held* properly excluded as hearsay.

**6. Rape** 40(5).

In prosecution for statutory rape, testimony as to what witness told defendant with reference to associating with prosecutrix *held* properly excluded as irrelevant.

Appeal from Eleventh Judicial District Court, Parish of Sabine; Hal A. Burgess, Judge.

Austin Williams was convicted under Act No. 192 of 1912 of statutory rape, and he appeals. Verdict and sentence avoided, and case remanded.

Boone & Boone, of Many, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and J. B. Hill, Dist. Atty., of Many (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

OVERTON, J. Act No. 192 of 1912 makes it a crime, punishable with or without hard labor, for a person over 17 years of age to have carnal knowledge of an unmarried female between 12 and 18 years of age, with her consent. Defendant was indicted for violating this act. He was tried, found guilty, and was sentenced to jail for a period of 3 months. Not being satisfied with some of the rulings

made by the trial judge, he has appealed from the verdict rendered and the sentence imposed.

The first and second bills of exception reserved are of the same nature, and may be considered together. It appears from them that while the prosecutrix—that is, the female with whom defendant was charged with having had sexual intercourse—was on the witness stand, she testified on her direct examination that she had had sexual intercourse only once in her life, and that was on September 15, 1925, with defendant, and that a short time thereafter she found that she was pregnant, or, in other words, that "she had gotten that way," meaning that, as a result of the intercourse, she became pregnant. When defendant opened his case, he placed Aker Cole on the stand and propounded to him the following question: "Have you ever seen Lillie (referring to the prosecuting witness) with any other boy besides Austin Williams?" The state objected to this question substantially on the ground that its purpose was to elicit irrelevant and immaterial evidence. The court sustained the objection, and ruled that all evidence as to the general reputation of the prosecutrix for immoral conduct or as to specific acts of lewdness by her was inadmissible. Later, the defendant placed another witness on the stand, and propounded to this witness the same question that he had propounded to the preceding witness. The state objected to the question on the same ground urged by it when the same question was asked the first witness, and the court sustained the objection, repeating, practically verbatim, its ruling then made.

[1, 2] Generally speaking, whether the female with whom the offense was committed was chaste or unchaste is irrelevant, for the statute makes it an offense to have sexual intercourse with an unmarried female between 12 and 18 years of age, with her consent, without reference to her chastity or her general reputation. State v. Romero, 117 La. 1003, 42 So. 482; State v. Gibbs, 153 La. 274, 95 So. 716. However, where the prosecuting witness testifies on her examination in chief that the defendant had sexual intercourse with her, and in partial support thereof testifies that as a result thereof she became pregnant or gave birth to a child, the defendant has a right, in order to overcome the effect of such corroborative statements, to show that about the time the child, whether born or unborn, was conceived, a person other than he had illicit intercourse with the prosecutrix, and is the father of the child or is responsible for the pregnant condition of the prosecutrix. State v. Gibbs, 153 La. 274, 95 So. 716. Were it otherwise, a defendant might be placed in the position of witnessing a corroborative circumstance go to the jury against him, and be unable to rebut it successfully, though having in readiness evidence which, if received, would tend materially to overcome the circumstance.

We infer from these bills that, at the time of the trial of this case, the prosecutrix was something less than 5 months with child. The effect of her evidence was not only to convey to the jury the fact that she was pregnant, but to attract their attention to that fact. Under these circumstances, we think that defendant, in his effort to establish that some person other than he was the father of the unborn child, should have been permitted to show that some person or persons other than he had improper relations with the prosecutrix about the time of her conception. However, the objection made by the state, and the ruling of the court thereon, prevented him from showing that fact, if it existed, by excluding evidence of all specific acts of lewdness. The ruling went too far, and is erroneous, for which reason the verdict of the jury will have to be set aside. Defendant should have been permitted to show, as stated, specific acts of intercourse had, if any, by the prosecutrix with others at about

the time of her conception, though not at other times.

[3, 4] The third bill of exception reserved is one to the refusal of the trial judge to permit the defendant to recall the prosecuting witness for the purpose of laying a foundation to impeach her evidence. The recalling of a witness for such purpose, though usually permitted when it will work no delay, rests in the sound discretion of the trial judge, and so resting, his refusal to grant the request will not be held to be reversible error, unless it clearly appear that the judge abused his discretion. State v. Walsh, 44 La. Ann. 1122, 11 So. 811; State v. Rogers, 138 La. 867, 70 So. 863. In this instance we are unable to say that the trial judge abused his discretion.

[5] The fourth bill of exception was reserved to the refusal of the court, upon objection made by the state, to permit defendant to show the reason assigned by Carter Anderson, a beau of the prosecuting witness, to a witness on the stand, for his intended departure from the state. What Anderson may have told the witness with respect to his reason for leaving was hearsay, and the objection made to it on that ground was properly sustained.

[6] The fifth bill of exception was reserved to a ruling sustaining an objection made by the state to a question propounded by defendant to a witness placed by him on the stand, the purpose of which was to elicit from the witness what he told defendant with reference to associating with the prosecuting witness. What the witness may have told the defendant in that respect was irrelevant, and the objection to the evidence, on that ground, was properly sustained.

The sixth bill of exceptions is with reference to the refusal of the trial court to grant a motion for a new trial. In view of the conclusion we have reached, it would serve no useful purpose to consider this bill.

For the reasons assigned, the verdict of the jury and the sentence of court based thereon are avoided and set aside, and this case is remanded to the trial court to be proceeded with according to law.