(124 So. 675)

No. 30158.

## STATE v. HOLLAND.

Nov. 4, 1929.

McHenry, Montgomery, Lamkin & Lester, of Monroe, for appellant.

Percy Saint, Atty. Gen., and David I. Garrett, Dist. Atty., and J. B. Thornhill, Asst. Dist. Atty. both of Monroe (E. R. Schowalter, of New Orleans, of counsel), for the State.

ROGERS, J. The defendant was indicted for the crime of carnal knowledge in violation of Act No. 192 of 1912. He was tried, found guilty, and sentenced to imprisonment for a term of nine months, subject to road duty. This appeal is from the verdict and sentence.

There are five bills of exception in the record, but the sole legal question involved in all of them is the alleged error of the trial judge in excluding testimony offered by defendant to prove that persons other than he had illicit intercourse with the prosecutrix; she having testified that she had given birth to a child of whom the defendant was the father.

The record discloses that the prosecuting witness was asked, on her direct examination, if she had given birth to a child. Her answer was in the affirmative. She was then asked who was the father of her child, and replied that he was the defendant. On cross-examination, the witness was asked if she had not had sexual intercourse with several men, whose names were mentioned. The testimony was excluded on objection by the state that it was irrelevant. Subsequently the defendant called to the stand three witnesses, one man and two women, for the purpose of proving that the prosecutrix had improper relations with various men. This testimony was also excluded upon the state's objection that it was irrelevant. In each instance a bill of exception was reserved by the defendant and granted by the court. Defendant also reserved a bill of exception to the action of the trial judge in overruling his motion for a new trial based on the alleged error of the judge in sustaining the objection of the state and excluding the testimony of the prosecutrix's intimate relations with other men.

The statement of the prosecuting witness that the defendant was the father of her illegitimate child was elicited for the purpose, and it could have no other purpose, of corroborating her testimony that the defendant had sexual intercourse with her. Defendant's object in seeking to introduce the excluded testimony was to rebut his paternity of the child as a corroborating circumstance and to affect the credibility of the witness.

The legal question presented on the appeal

is identical with the legal question presented on the appeals in the cases of State v. Gibbs, 153 La. 274, 95 So. 716, and State v. Williams, 161 La. 851, 109 So. 515. In both those cases the court held that while, generally speaking, the question of the chastity or unchastity of the female in a prosecution under the statute involved herein is irrelevant, nevertheless, where she testifies that she gave birth to a child or is pregnant as the result of the alleged act of the defendant, the exclusion of evidence of her improper relations with other men is reversible error. The court, in its opinions rendered in the cases, goes fully into the reasons that induced it to reach the conclusion announced therein. We deem it unnecessary, therefore, to repeat or dwell upon those reasons here. It suffices to say we are satisfied of their correctness and reaffirm the legal principle based thereon.

Defendant should be permitted to show, if he is able to do so, specific acts of sexual intercourse had by the prosecuting witness with other men at about the time of her conception.

For the reasons assigned, the conviction and sentence appealed from are set aside, and the case is remanded to the district court to be proceeded with according to law.