(126 So. 921)

### STATE v. MENARD.

No. 30414.

Feb. 3, 1930.

Rehearing Denied March 5, 1930.

Ogden & Hoffpauir, of Crowley, for appellant.

Percy Saint, Atty. Gen., James A. Gremillion, Dist. Atty., of Crowley, and E. R. Schowalter, Asst. Atty. Gen., for the State.

THOMPSON, J.

The defendant was sentenced to serve from twelve to eighteen months in the penitentiary, having been convicted of carnal knowledge as denounced by Act No. 192 of 1912.

On the day the case was first fixed for trial, defendant applied for a continuance on account of the absence of a witness Nursey Broussard, for whom a subpœna had been timely issued. The return of the sheriff showed that the witness could not be found and was somewhere in Texas. The case was then postponed till the following day to enable the sheriff to make further search for the witness.

When court met the next day, the sheriff reported that the witness had been working at the Egan Hotel in Crowley, but had left there a few days before and gone to her mother's in Crowley, and from there the sheriff was informed she had gone to Texas. The manager of the hotel informed the sheriff that the witness had written a letter to her mother from Houston, Tex. The sheriff then secured the letter and attached it to his return. The mother also informed the sheriff that her daughter was working in Texas.

The witness is a colored woman and has no fixed home, and there was no certainty as to when, if ever, she intended to return to the state.

The trial judge was therefore warranted in denying a continuance.

In State v. Thompson, 121 La. 1051, 46 So. 1013, 1014, it was said:

"The authorities discountenance continuances on the ground of the absence of witnesses who are not within the process of the court.

"In such cases an affirmative showing should be made strong enough to convince the court that the evidence is material and admissible; that due diligence has been exercised; and that the absent witnesses can and will be produced at the future time."

"See, also, State v. Taylor, 167 La. 1114, 120 So. 875; State v. Ben Chevallier, 169 La. 135, 124 So. 670, recently decided.

Bills No. 2 to 6, both inclusive, are correlated, and involve the same inquiry, and that is whether a defendant in a prosecution under the carnal knowledge statute can impeach the character of the prosecutrix by showing sexual intercourse with persons other than the defendant and by proof of statements the prosecutrix had made to other persons that she had had intercourse with such other persons.

The purpose of the testimony was stated by counsel in his cross-examination of the prosecutrix, wherein he stated:

"This is the main prosecuting witness in this case, and upon her testimony the state is relying for a conviction. It is not my purpose to attack the chastity of this witness, but inasmuch as she has laid the crime at the door of this defendant, I say that counsel for the defendant has a perfect right, under every rule of evidence, to ask her, under cross-examination, if it is not a fact that she has made a statement at variance with her testimony that she gave in this case: that if it be true that she told the wife of the defendant and another person that she had lied when she put this crime on the defendant, but that it was a brother-in-law who had

had intercourse with her and who had moved away."

The court sustained the objection to that part of the question as to the prosecutrix stating to the two persons that her brother-in-law had had intercourse with her, but permitted the inquiry as to whether she had in such statements exonerated the defendant.

In the case of State v. Mischiro, 165 La. 706, 115 So. 909, this court held that:

"Testimony of prosecuting witness on cross-examination as to whether she had illicit relations with others than defendant held not admissible to impeach her testimony, in prosecution for having sexual intercourse with an unmarried female between 12 and 18 years of age with her consent under Act No. 192 of 1912."

If, as held, the prosecuting witness could not be asked the direct question as to acts of intercourse with other men for purpose of impeachment, assuredly she could not be asked if she had not stated to other persons that she had had such relations. See, also, State v. Gibbs, 153 La. 274, 95 So. 716; State v. Williams, 161 La. 852, 109 So. 515.

Counsel, however, say that the evidence was admissible in view of the fact that the prosecuting witness was in a state of pregnancy at least eight months; that her condition was easily discernable by the jury. He cites the Gibbs and Williams Cases, supra, and to which we may add State v. Holland, 169 La. 149, 124 So. 675, 676, decided November 4, 1929.

The cited cases are readily distinguishable from the present case.

In the Gibbs Case the child imputed to the defendant was offered in evidence by the state and was exhibited in the arms of its mother to the jury, and the mother was called upon to declare the child's paternity, and she named the defendant Gibbs.

As the state had opened the door, it was held that the defendant had the right to introduce evidence of the mother's acts of intercourse with other men than the defendant.

In the Williams Case it appears that the state again opened the door and caused the prosecutrix on direct examination in chief to testify that the defendant had sexual intercourse with her and in support thereof testified that as a result she became pregnant or gave birth to a child, and it was held that, in order to overcome the effect of the corroborative circumstance of pregnancy testified by the prosecutrix in chief, the defendant had the right to show that about the time the child was conceived the prosecutrix had illicit intercourse with a person other than the defendant.

In the Holland Case, noted supra, the prosecutrix was asked on her direct examination if she had given birth to a child, and she answered in the affirmative. She was then asked who was the father of the child, and she replied that he was the defendant.

She was asked on cross-examination if she had not had sexual intercourse with several men whose names were mentioned.

This testimony was excluded, and the ruling was held to be error, the court making use of the following language:

"The statement of the prosecuting witness that the defendant was the father of her illegitimate child was elicited for the purpose, and it could have no other purpose, of corroborating her testimony that the defendant had sexual intercourse with her.

"Defendant's object in seeking to introduce the excluded testimony was to rebut his paternity of the child as a corroborating cir-

cumstance and to affect the credibility of the witness."

The case here presented is entirely different from the three cases referred to.

The district attorney followed the rule as laid down in these cases, and scrupulously avoided going into the question of the pregnancy of the prosecuting witness and to the paternity of the unborn child.

The testimony of the prosecutrix appears on nineteen typewritten pages of the transcript, and it will be searched in vain to find any reference whatever in any question asked by the district attorney as to the pregnancy of the witness or as to the paternity of the unborn child. The only question asked by the district attorney which had any relation whatever to the question of pregnancy was on redirect examination and in traverse of defendant's questions as to the time of cessation of the monthly menstruation.

The questions asked by the counsel of defendant in relation to the witness' condition as a result of the intercourse with defendant will be found on page 12 of the transcript:

"Q. You are pregnant now?

"A. Yes, Sir.

"Q. When do you think you will have that baby?

"A. Next month, December."

The matter was again referred to by defendant's counsel on pages 16 and 18 of the transcript.

This case falls squarely under the rule laid down in the Mischiro Case, cited supra, in which it was distinctly held that, in a prosecution of a case of carnal knowledge evidence of intercourse by the prosecutrix with persons other than the defendant is not admissible.

It would be otherwise had the state offered proof of conception or of the birth of a child as the result of the intercourse with defendant and had claimed that defendant was the father of the child, for the purpose of corroborating the prosecutrix witness' testimony as to the fact of intercourse with defendant.

The case obviously does not come under the ruling in the three cases cited supra.

A defendant who opens up the question of pregnancy and the birth of a child and himself puts at issue the paternity of the child cannot attack the chastity of the prosecuting witness, either as to her general reputation in that respect or by showing particular acts of illicit intercourse, nor can he introduce such evidence in order to impeach the witness under such circumstances.

Bill of exception No. 7 relates to the overruling of a motion for a new trial. The only matter presented in the motion not already considered has reference to remarks of the district attorney in his argument to the jury.

No objection was made at the time, no bill was retained, and the court was not asked to intervene.

Moreover, there was no impropriety in the remarks complained of. The district attorney followed the case as presented by the defendant.

For the reasons stated, the conviction and sentence are affirmed.

O'NIELL, C. J., dissents from the ruling on bills 2 to 6.