(129 So. 736)

**STATE v. PRUDHOMME.**

No. 30702.

July 2, 1930.

Rehearing Denied July 19, 1930.

Bertram F. Barnette, of Arcadia, and Joseph B. Crow, of Sheveport, for appellant.

Percy Saint, Atty. Gen., and W. D. Goff, Dist. Atty., of Arcadia, and E. R. Schowalter, Asst. to Atty. Gen. (William C. Barnette, of Shreveport, of counsel), for the State.

THOMPSON, J.

One William Sparks and one Paul W. Maxwell were charged by information with robbery of the Bank of Ringgold of something over $8,000. The defendant Prudhomme was charged in the same information as accessory before the fact to said crime.

Maxwell was never apprehended, and Sparks, when the case was called for trial, withdrew his plea of not guilty and pleaded guilty to the charge against him.

Prudhomme was tried, and the jury found him guilty as charged.

He asks a reversal of the conviction and sentence on matters contained in five bills of exception which will be considered in the order in which they are presented.

The appellant was arraigned on April 4, 1930, and, being unable to employ counsel, the court appointed Mr. B. F. Barnette to represent him, and the case was without objection set down for trial on April 28th. On that day the name of Mr. J. B. Crow was enrolled as associate counsel for defendant. A motion for continuance was filed and overruled, and that ruling is the basis for the first bill of exception.

The witness Mrs. Gillispie, whose absence is made the basis for the motion, could not be found by the sheriff, and it was shown that the witness was in charge of federal officers at Kansas City, where she had been sentenced to serve a term in the United States prison. This fact seems to have been common knowledge at the time the motion for continuance was filed and probably at the time the summons was issued for her.

The ruling of the court in denying the continuance is supported by the following authorities. State v. Thompson, 121 La. 1051, 46 So. 1013; State v. Taylor, 167 La. 1114, 120 So. 875; State v. Chevallier, 169 La. 135, 124 So. 670; State v. Menard, 169 La. 1197, 126 So. 921.

Second bill. The state was permitted to prove over the objection of defendant certain acts and conversations of defendant which occurred in Caddo parish to show that the defendant had counseled and advised and procured the robbery of the bank. The reason on which the objection was made as stated in the bill was that no evidence had been introduced showing any acts of defendant which would make him an accessory in the parish of Bienville, and that the defendant could not

be tried in that parish for acts committed in Caddo.

The facts were not taken down, and we must accept the statement of the trial judge.

It appears from the statement of the judge that the state had proved the crime against the two principals and had also proved that Prudhomme was in the town of Ringgold two or three days before the robbery and had pointed out to the two principals the bank they were to rob. There were other facts and circumstances detailed by the judge forcibly tending to establish the defendant's guilt and which occurred in Bienville parish. All of this testimony had gone to the jury before any evidence was offered by the state as to what occurred in Caddo parish.

The ruling of the court in admitting the testimony was correct.

The evidence was admissible to corroborate the other acts of the defendant committed within the parish where the crime was committed going to establish his guilt.

■ If no other acts of defendant had been proved except as to what had occurred in Caddo parish, the defendant could not have been tried in Bienville, since every person charged with crime is entitled to trial and must be tried in the parish where the crime is committed, except as otherwise provided in the Constitution.

■ In the instant case the crime against the defendant was laid in Bienville parish. The defendant filed no plea to the jurisdiction, made no objection to being tried in Bienville, parish, and as the state was bound to establish the venue as a part of its case, the question of jurisdiction was foreclosed by the verdict of the jury.

■ The question of venue or jurisdiction in a criminal case is one of fact and may be determined by the judge on a special plea in advance of the trial of the case. But where no question of jurisdiction is raised by plea or otherwise, the matter of jurisdiction is set at rest by the general verdict of guilty as charged.

We may add however the district judge had no doubt of the jurisdiction of the Bienville parish court.

Third bill. This bill was reserved to the overruling of a motion for a new trial, and, as it presents nothing but what is contained in the several bills, will receive no further consideration.

Fourth bill. This bill is directed at the overruling of a motion in arrest of judgment. The first ground of the motion is that the information does not charge the defendant with any crime known to the laws of this state, and does not set out sufficient facts to charge any crime known to the laws of the state, and does not allege the guilt of the principals or that either of them had been convicted and sentenced.

The crime of robbery is a well-recognized crime by the laws of this state, and that crime is sufficiently charged in the information.

The crime of accessory before the fact to the crime of robbery is also a well-recognized crime by the laws of this state, and that crime was sufficiently and properly laid against the defendant in the information on which he was tried.

■■ The information alleges that the named principals committed the crime of robbery in the manner and form therein charged, and this involved the charge that they were guilty of such crime. It was not necessary that the information should allege that the principals or either of them had been convicted and sentenced.

The punishment of accessaries before the fact is the same as that which may be imposed on the principals in the crime, and it is not essential to the conviction and sentence of an accessary before the fact that his principal should have been previously tried and convicted. Revised Statutes, §§ 972 and 1058.

In the case of State v. Accardo, 129 La. 666, 56 So. 631, it was said that section 1058 of the Revised Statute allows an accessory to be tried irrespective of whether the principal has been, or is being, brought to justice or not.

Of course, in order to be an accessory before the fact, there must be a principal. Without a principal crime there can be no accessary before the fact.

Hence it is incumbent on the state to prove that the crime has been committed by the principals named before the party charged as accessory before the fact can be convicted.

In the instant case we have the statement of the trial judge that the guilt of the principals had been fully proved on the trial of the accessory. In fact one of the principals had pleaded guilty to the charge before defendant was tried.

The contention that the verdict "guilty as charged" was not responsive to the information is without merit. The defendant was properly charged as an accessory before the fact to the crime of robbery properly laid against two named principals.

He was put on trial as an accessory before the fact and for no other crime. He was convicted of that crime and could have been convicted for no other crime. It was unnecessary for the jury to have said specifically by their verdict that they found the defendant guilty of the crime of accessory before the fact.

It is further alleged in the motion in arrest that the information is bad for duplicity, but the motion does not set forth wherein the information is defective in that respect. The defendant was only charged with being an accessory before the fact, and we fail to find any duplicity in the manner of describing that crime. It was not improper to charge the principal crime and that of accessory in one and the same information in separate counts as was done, the two crimes being subject to the same punishment and triable before the same tribunal.

The fifth and last bill was reserved to the refusal of the judge to give a charge requested by the defendant.

The charge asked was that the defendant cannot be convicted unless it was found that the principals, or one of them, had been convicted and sentenced, or that one had entered a plea of guilty and had been sentenced.

The judge gave the charge as requested, except that part relating to the prior sentence of both or either of the principals.

The charge as given was more favorable to the defendant than was justified under the law.

For, as we have already stated in this opinion, it was not necessary that the principals or either of them should have been tried and convicted before the accessory before the fact to the crime could be tried.

It might have presented a different question if the principals had been tried and acquitted before the accessory before the fact was placed on trial. State v. Haines, 51 La. Ann. 731, 25 So. 372, 44 L. R. A. 837.

The conviction and sentence are affirmed.