8 So.2d 285

STATE v. JACKSON.

No. 36636.

April 27, 1942.

Francis R. Edwards, of Opelousas, for appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Seth Lewis, Dist. Atty., of Opelousas, for the State.

ODOM, Justice.

Section 792 of the Revised Statutes, as finally amended by Act No. 9 of 1912, reads as follows:

"Whoever shall assault another by wilfully shooting at him or with intent to commit murder, rape, or robbery shall on conviction thereof be imprisoned with or without hard labor not more than twenty years."

The defendant Joseph Jackson was convicted of the crime of "assault with intent to commit rape", as denounced by that section of the Revised Statutes, and on December 9, 1941, was sentenced by the court to serve 12 years at hard labor in the state penitentiary. No appeal from the verdict and sentence was taken by defendant, and, after the expiration of legal delays, he was conveyed to the penitentiary, where he is now serving his sentence. On March 9, 1942, three months after he was incarcerated in the penitentiary, he filed a motion in the trial court, alleging that the flat sentence of 12 years imposed upon him was illegal and should be set aside, and in lieu thereof an indeterminate sentence imposed. He requested that the trial court order the district attorney to show cause why he should not be returned from the state penitentiary to the trial court for the purpose of annulling and setting aside the sentence of 12 years, and to show cause why an indeterminate sentence should not be imposed in lieu thereof. The trial judge declined to entertain the motion on the ground that in his opinion the defendant was properly sentenced under Article 529 of the Code of Criminal Procedure. The defendant appealed from the ruling of the court.

It is conceded by counsel for the State that, if the sentence imposed upon the defendant was illegal, the trial judge should have ordered that he be brought back to the trial court for the imposition of a proper sentence. Thus, the only question involved is whether, under the provisions of Article 529 of the Code of Criminal Procedure, as finally amended by Act No. 98, page 358, of 1936, an indeterminate sen-

tence should have been imposed upon defendant.

That article of the Code, as amended, provides that, whenever any person shall be sentenced to imprisonment in the state penitentiary or at hard labor otherwise than for life, or where the maximum penalty does not exceed one year, "it shall be the duty of the District Judge to sentence such person to an indeterminate sentence". However, that article of the Code, according to its terms, does not apply to persons "convicted of treason, arson, rape, *attempt to commit rape,* crimes against nature, incest, burglary, robbery, *attempt to commit robbery,* bank and homestead officials misusing funds of depositors, or other funds entrusted to such officials, Notaries Public who are defaulters, train wreckers, kidnappers and dynamiters." (Italics ours.)

The crime for which defendant was prosecuted and convicted was that of "assault with intent to commit rape", as denounced by Section 792 of the Revised Statutes, as amended by Act No. 9 of 1912. That section of the Revised Statutes, which we have quoted, denounces four crimes, each separate and distinct from the others, to-wit: (1) an assault by wilfully shooting at another; (2) an assault with intent to commit murder; (3) an assault with intent to commit rape, and (4) an assault with intent to commit robbery. These crimes are disjunctively connected, and the penalty for each is the same—i. e., imprisonment with or without hard labor for not more than twenty years. State v. Williams, 38 La.Ann. 371; State v. Brady; 39 La.Ann. 687, 2 So. 556; State v. Fairbanks, 115 La. 457, 39 So. 443.

The essential ingredients or elements of the crime of "assault with intent to commit rape" are (1) an assault upon another person, and (2) an intent to commit that crime.

Clearly, that crime, as denounced by Section 792 of the Revised Statutes, is not included among the exceptions to the rule established by Article 529 of the Code of Criminal Procedure, as amended, which rule is that, whenever any person shall be sentenced to "imprisonment in the state penitentiary or at hard labor, otherwise than for life, or where the maximum penalty does not exceed one year, * * * it shall be the duty of the district judge to sentence such person to an indeterminate sentence".

This is necessarily so, because that crime is not mentioned as one of the exceptions. One of the exceptions to the rule is the crime of rape. There are written into the Code immediately following the word "rape" the words "attempt to commit rape". But Section 792 of the Revised Statutes, under which defendant was prosecuted, does not denounce as a crime an "attempt to commit rape". In fact, we have no statute which denounces an "attempt to commit rape" as a crime. The words "attempt to commit rape" written into the statute are not synonymous with the words "assault with intent to commit rape".

The crime of "assault with intent to commit rape" not being listed or included in the exceptions to the general rule laid

down in the Code relating to indeterminate sentences, it follows necessarily that it was the duty of the district judge to impose an indeterminate sentence upon defendant instead of a flat or fixed sentence for a specified number of years.

For the reasons assigned, the ruling of the district judge refusing to entertain defendant's motion is set aside, and it is ordered that the general manager of the state penitentiary deliver the defendant to the sheriff of St. Landry Parish, and that the sheriff take him before the Twenty-seventh Judicial District Court for that parish, and that he be sentenced according to law for the crime of assault with intent to commit rape.