10 So.2d 636

## STATE v. BROUSSARD.

No. 36806.

Nov. 4, 1942.

Philo Coco, of Marksville, for relator.

Earl Edwards, Dist. Atty., of Marksville, for respondents.

HIGGINS, Justice.

Under our supervisory jurisdiction, we ordered the issuance of writs of certiorari, prohibition, and mandamus to the district judge, who refused, in a habeas corpus proceeding, to impose a sentence of an indeterminate period of time instead of the sentence of a definite period of five years previously imposed upon the defendant, and thereby preventing him from obtaining bail pending the appeal from the conviction of the crime of carnal knowledge.

The basis of the trial judge's ruling is twofold: (1) That an indeterminate sentence is mandatory only for those offenses where the text of the law and penal clause provide for a minimum and maximum sentence, and (2) that as the crime of rape or attempt to commit rape is excepted by Article 529 of the Code of Criminal Procedure from the law relative to indeterminate sentences, and as carnal knowledge is statutory rape within the meaning of the language of the exception, it was the duty

of the judge to impose a determinate sentence upon the defendant.

On July 7, 1942, the relator was sentenced by the trial judge to serve a period of five years at hard labor in the State Penitentiary for the crime of carnal knowledge, the conviction and sentence being obtained under the provisions of Section 1, Act 192 of 1912, now Article 1142 of Dart's Criminal Statutes, which reads:

"If any person over the age 17 years shall have carnal knowledge of any unmarried female between the ages of 12 and 18 years, with her consent, he shall be deemed guilty of a felony and upon conviction thereof, shall be punished by imprisonment with or without hard labor not exceeding five years; provided, nothing in this act shall affect the crime of incest."

Article 529 of the Code of Criminal Procedure (1941 Supplement), provides:

"Whenever any person shall be sentenced to imprisonment in the state penitentiary or at hard labor, otherwise than for life, or where the maximum penalty does not exceed one year, or the person convicted of treason, * * * rape, attempt to commit rape, * * * *it shall be the duty of the district judge to sentence such person to an indeterminate sentence;* the minimum of such sentence shall not be less than the minimum term of imprisonment fixed by the statute under which the person shall have been convicted, nor more than one-third of the maximum sentence imposed; and the maximum, not more than the maximum fixed in such statute." (Italics ours.)

Under the above quoted provisions of the law, this Court approved the indeter-

minate sentences of defendants who were found guilty of the crime of carnal knowledge. State v. Dierlamm, 189 La. 544, 180 So. 135; State v. Patterson, 176 La. 1013, 147 So. 62; State v. Menard, 169 La. 1197, 1198, 126 So. 921; State v. Mischiro, 165 La. 705, 115 So. 909; and State v. Normandale, 154 La. 523, 97 So. 798.

In the case of State v. Jackson, 200 La. 432, 8 So.2d 285, 286, the accused was convicted of the crime of assault with the intent to commit rape and was sentenced to serve twelve years at hard labor in the State Penitentiary. He did not appeal from the verdict and sentence. While in the penitentiary, he filed a motion alleging that the sentence was illegal as it should have been an indeterminate rather than a determinate one. The district judge refused to entertain the motion and the defendant appealed. In annulling the judgment of the district court and in ordering the defendant to be resentenced, we stated:

"The crime of 'assault with intent to commit rape' not being listed or included in the exceptions to the general rule laid down in the Code relating to indeterminate sentences, it follows necessarily that it was the duty of the district judge to impose an indeterminate sentence upon defendant instead of a flat or fixed sentence for a specified number of years."

From the foregoing authorities, it appears that the sentence of the trial court is illegal and that the defendant is entitled to have the judge impose an indeterminate sentence, under which he would be en-

titled to bail, pending the final determination of the appeal from his conviction and sentence.

Section 12 of Article 1 of the Constitution of Louisiana, adopted November 3, 1936, reads:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. All persons shall be bailable by sufficient sureties, except the following: * * * Persons convicted of felonies, provided that where a minimum sentence of less than five years at hard labor is actually imposed, bail shall be allowed pending appeal until final judgment."

Under our previous order dated July 20, 1942, the authorities were prohibited from executing the sentence upon the defendant and the district judge was ordered to allow the accused to furnish bail pending his appeal. As it appears that the validity of the verdict of the jury is involved in the issues presented on appeal, and as the relator, in his application for the writs, has not prayed that the sentence be annulled and has only requested that its execution be stayed and that he be granted bail, we shall limit our decree accordingly.

For the reasons assigned, it is ordered, adjudged and decreed that the execution of the sentence of the trial court be stayed pending the appeal herein, upon the defendant furnishing bail bond in accordance with the order of the district court.

ROGERS, J., absent.